**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PATRICK PIZZELLA,** Acting Secretary, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**ELITE SECURITY CONSULTANTS, LLC,**<br><br>**and**<br><br>**TIMOTHY P. BOYLE, SR.,**<br><br>Defendants. | Civil Action No.<br>5:19-cv-2243 |

## COMPLAINT

Plaintiff, the Acting Secretary of the United States Department of Labor, brings this action to enjoin and restrain Defendants Elite Security Consultants, LLC, and Timothy P. Boyle, Sr. (collectively, the "Defendants") from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*) ("the Act"), pursuant to Section 17 of the Act, and to recover unpaid minimum wages and overtime compensation owed to the Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon this Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II.

(a) Defendant Elite Security Consultants, LLC, ("Elite Security") is and, at all times relevant to this action, was an Ohio limited liability company with its principal place of business at 1340 Market Avenue, North, in the City of Canton, County of Stark, and State of Ohio, which is within the jurisdiction of this Court, and is and, at all times relevant to this action, was engaged in the training and furnishing of security guards to other persons.

(b) Defendant Timothy P. Boyle, Sr. ("Boyle") is and, at all times relevant to this action, was a natural person and a member of Defendant Elite Security who actively supervised the daily operations and management of Defendant Elite Security and its employees, including, but not limited to, the scheduling of work hours, the setting of wages, the supervision of job performance, and the disbursement of pay. At all times relevant to this action, Defendant Boyle resided in this District at 207 Carrolldale Avenue, Northeast, in the City of Canton, County of Stark, and State of Ohio, or at 2736 Deer Pass Drive, Southwest, in the City of Canton, County of Stark, and State of Ohio.

(c) This District is a proper venue of this action under 28 U.S.C. §§1391(b)(1) and (b)(2).

## III.

Defendants are and, at all times relevant to this action, were engaged in related activities performed through unified operation or common control for a common business purpose, and are and, at all times relevant to this action, were an enterprise within the meaning of Section 3(r) of the Act.

**IV.**

Defendants are and, at all times relevant to this action, were an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise had employees engaged in commerce and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

**V.**

Defendants repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing an employee engaged in commerce within the meaning of the Act, or employed in an enterprise engaged in commerce within the meaning of the Act, for wages at a rate less than $7.25/hour for time worked between October 1, 2017 and December 31, 2017. Specifically, Defendants failed to pay that employee for 28 hours of work so performed.

**VI.**

(a) Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees engaged in commerce within the meaning of the Act or in an enterprise engaged in commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for hours worked in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants improperly paid only straight time wages to employees who worked in excess of forty (40) hours in workweeks between October 1, 2017 and December 31, 2017.

(b) In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees engaged in commerce within the meaning of the Act or in an enterprise engaged in commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for hours worked in excess of forty (40) hours per week during such work-weeks at rates not less than one and one-half times the regular rate at which they were employed.

VII.

Defendants, employers subject to the provisions of the Act, repeatedly and will-fully violated, and have continued to violate, the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to au-thority granted in the Act and found in 29 C.F.R. Part 516, Subpart A. Specifically, De-fendants failed to adequately and accurately show in their records, among other things, the daily starting and stopping times of their employees and the number of hours worked each day by those employees.

VIII.

During the period since December 31, 2017, Defendants have repeatedly and will-fully violated, and are continuing to so violate, the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of minimum wages and overtime compensation found by this

Court to be due to present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff); or, in the event liquidated damages are not awarded,

2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wages and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

U.S. Department of Labor
Office of the Solicitor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
216-522-2447 (voice)
216-522-7172 (fax)
marta.wayne.p@dol.gov (e-mail)

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

/s/ *Wayne P. Marta*

Wayne P. Marta
Trial Attorney for Plaintiff
Ohio Bar No. 0013448

**EXHIBIT A**

| | Employee Name | | Employee Name | | Employee Name |
|---|---|---|---|---|---|
| 1 | Adkins, Jared | 32 | Kick, Benjamin | 63 | Risser, Kyle |
| 2 | Ball, Robert | 33 | Kinsey, Terry | 64 | Robinson, Damonte |
| 3 | Ballard, Richard | 34 | Koons, Christopher | 65 | Robinson, Ronald |
| 4 | Beard, Brittany | 35 | Kremer, Kelley | 66 | Roby, Heidi |
| 5 | Belknap, Brett | 36 | Lagade, Kristina | 67 | Rosario, Shane |
| 6 | Benning, Samuel | 37 | Lucchesi, Amanda | 68 | Rummell, Jerry |
| 7 | Brickner, Jacob | 38 | Magrini, Troy | 69 | Safrandin, Dejvid |
| 8 | Caldwell, Steven | 39 | March, Anthony | 70 | Schoch, Kevin |
| 9 | Campf, Daniel | 40 | Marchette, Ashley | 71 | Schweizer, Zach |
| 10 | Cargile, Sarah | 41 | Marhefka, Joseph | 72 | Scott, Ariena |
| 11 | Casto, Chris | 42 | Martin, Tevin | 73 | Sears, Amber |
| 12 | Clutter, Randall | 43 | Mays, Larry | 74 | Snowberger, Lucas |
| 13 | Cooper, Nathan | 44 | Mihalik, Matt | 75 | Spangler, Andrew |
| 14 | Cremeans, Rocky | 45 | Millwood, A.J. | 76 | Sparks, Martin |
| 15 | Czesak, Shane | 46 | Moore, Jonetz | 77 | Spencer, Joseph |
| 16 | Day, Josh | 47 | Mundy, Eric | 78 | Starkey, Kenneth |
| 17 | Everett, Andre | 48 | Murray, Justin | 79 | Stibley, Katherine |
| 18 | Fell, Jonathan | 49 | Murray, Robert | 80 | Striejewske, Greg |
| 19 | Fisher, Shiann | 50 | O'Bryan, Grio | 81 | Sweeney, Jacob |
| 20 | Flounders, Leanna | 51 | O'Dell, Andrew | 82 | Thompson, Catherine |
| 21 | Ganser, Brendan | 52 | Ousley, Jonathon | 83 | Thornberry, Greg |
| 22 | Grimm, Bryan | 53 | Patton, Tyler | 84 | Tice, Ralph |
| 23 | Hamilton, Brett | 54 | Pergola, Victor | 85 | Tong, Adam |
| 24 | Hanke, Erich | 55 | Pierre, Jeff | 86 | Underwood, Kyle |
| 25 | Heatherington, Curt | 56 | Putnam, John | 87 | Valetich, Lyle |
| 26 | Hoffer, Matthew | 57 | Radtke, Heidi | 88 | Wagner, Zach |
| 27 | Hudson, Chad | 58 | Rain, Michael | 89 | Wallace, Desmond |
| 28 | Icenhower, Cody | 59 | Raymond, Lyle | 90 | Wenguard, Zachary |
| 29 | Johnson, Rodney | 60 | Reddick, Willie | 91 | Williams, John |
| 30 | Kahil, Kahil | 61 | Reynolds, Helen | 92 | Williams, Marquis |
| 31 | Keister, Ashley | 62 | Rippy, Cody | 93 | Workman, Nathan |